Stone, J.
1. "We think the court did not err in refusing either of the first two instructions requested on behalf of the plaintiff! No trial before the trustees is contemplated by the statute, and they are not authorized to hear or determine any question of fact which will, in any case, require the taking of testimony. No provision is made for calling witnesses before them, or compelling them to testify. They are called upon, under the provisions of the statute, to act in their character as fence-viewers. It is expected they will go upon the premises where the fence is to be found; that the particular fence which is the subject of inquiry will be pointed out to them by the parties or by the party invoking their action; and they are to proceed, upon actual view and personal examination, to determine the matters submitted to them. They are to determine the value of so much of the fence as serves as a partition fence; but the fence they are thus required to appraise, of whatever materials it may be composed, must be a lawful fence — that is to say, such a fence “ as a good husbandman ought to keep.” Other prerequisites must exist to entitle the party suing under the statute to recover; but the question whether the fence is of such character and quality as to fill the requirement of the statute is one which falls peculiarly within the province of the trustees to determine. . It connects itself *9 •immediately with the appraisal, and is best determined upon actual view. We are, therefore, of the opinion that the .adjudication of the trustees made in pursuance of the statute, unless impeached for mistake or fraud, must be regarded as conclusive, not only with respect to value, but of the fact that the fence is of sufficient height and strength, .and has in other respects the qualities necessary to meet the requirements of the statute.
Whose property the fence is or who erected it, whether the adjoining premises belong to the party sought to be ■charged, or whether the adjoining inclosure is to be regarded as his inelosure or not, are questions in relation to which there is, ordinarily, but little room for controversy, but they, and any others of a similar character which may •arise, are questions not to be determined by a mere examination of the premises, and with respect to them, the adjudication of the trustees, fixing the amount which ought to be paid as one-half the value of the fence, can not conclude or affect the rights of either party.
2. The instruction given by the court in response to plaintiff’s third request was correct, if it was essential to the right of the plaintiff to recover that the jury should find that the fence was on the exact line between his and the defendant’s land; but this, in our judgment, was not necessarily, upon this subject, the controlling question. If the line was in dispute, this was not a case in which that ■controversy could be settled. Whether in dispute or not, a partition fence between the respective inclosures of the parties, if such inclosures they had, was equally useful and necessary; and the fact that the line was in dispute, or that the fence did not stand on the line to which either party might rightfully claim, furnished no reason, if it was in fact a partition fence, why it should be constructed and maintained at the expense of one party only. Stevens v. Shriver, 25 Penn. 78. If it stood upon a line which the parties practically recognized and acquiesced in as the boundary line between their respective lands, it was, so far as concerns this point, within the provisions of the statute. *10 Any other construction of the statute would, in numerous-cases, defeat its evident object. A proceeding authorized-for the mere purpose of equitably adjusting, as between the parties, the expense of partition fences, and designed to be made as simple and inexpensive as practicable, would,, in each case, involve whatever litigation might be necessary to settle the boundary line; and although it might be-ascertained as the result of such litigation that the fence-did not conform to the true boundary, it might still be true that it stood upon a line practically recognized by the-parties as the boundary, and was in fact a partition fence.
Whether, under the testimony, only partially reported in the bill of exceptions, the instruction on this point requested on behalf of the plaintiff’ was in all respects appropriate, we do not deem it necessary to determine. The instruction given in response thereto, for the reasons already indicated, could hardly have failed to mislead the jury.
3. The instruction given at the request of the defendant, and recited in the statement of the case, was in our judgment erroneous. If that instruction be correct, it is not sufficient, in an action of this kind, for the plaintiff to show that the fence is as good as the statute requires. It must not be better. If it be stronger, higher, or more durable,, or if it occupy less ground, and is by reason of any of these-facts a more expensive fence than would satisfy the requirements of the statute, the adjoining proprietor may connect hiff'fences with it, may make it serve to inclose his fields, and may thus use it at his pleasure without incurring any obligation to pay any portion of its value. Such, clearly, is not the law. Where a partition fence is erected by one party, the obligation of the other party to pay one-half its-value where such obligation exists, is voluntarily incurred. If the adjoining proprietor chooses to connect his fences with it, and use it to inclose his fields, the obligation which he incurs, at the option of the owner, is, in effect, to purchase and pay for one-half of it. If for any reason he prefers not to incur this obligation, he has only to decline to use-it. So far as it stands upon his land, he may have it *11 removed, and make Ms inclosure with Ms own fences and in Ms own way.
It is also to be observed in this connection, that whateverj its character, the fence in question, in any case arising| under the statute, is to be dealt with as a fence. It.is to be appraised by the township trustees; but the question which it is their duty to determine, is not what the materials are worth for any other purpose, and not, necessarily, what the materials and labor cost, but what, in the condition in which they find it, is its value as a fence. This may or may not equal the cost, depending, among other things, upon what economy was used in its construction, the suitableness of the materials, the character of the work, and. whether, by reason of decay or other cause, it has deteriorated in value.

Judgment reversed and new trial ordered.